In re Michael J. **GODDARD,**
**Sr., Debtor.**

No. 04–63506.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 3, 2005.

Geoffrey E. Albrecht, Columbus, OH, for Debtor.

Myron N. Terlecky, Columbus, OH, Chapter 7 Trustee.

## OPINION AND ORDER DENYING MOTION TO DISMISS

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion of the United States Trustee ("UST") seeking to dismiss this case pursuant to 11 U.S.C. § 707(b). The debtor

opposed the motion and the Court heard the matter.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A).

The UST's motion is brought pursuant to 11 U.S.C. § 707(b) which states:

> After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, ... may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

It is this section which forms the basis for the motion and the Court's decision.

## FINDINGS OF FACT

The debtor has annual gross income of approximately $108,500. That income comes from a secure position which should continue. After deductions for taxes, certain insurance premiums, child support ($870) and alimony ($1000), his net monthly income is $4,214. In December of 2003, he received approximately $53,000 from his father's estate. Those funds were used to pay certain of his ex-wife's expenses during their separation, furnishings for his new residence and attorney fees associated with his domestic difficulties.

The debtor's financial problems have been exacerbated by his recent divorce, the expenses related to establishing his separate residence, an alimony obligation of $1000 each month until 2007 and expenses relating to a rental property in Pennsylvania which will be lost in foreclosure. He participated in credit counseling for two years, but was unable to solve his financial problems. On August 26, 2004, he filed a chapter 7 bankruptcy case.

In preparation for the hearing, the debtor carefully reviewed his schedule J and made adjustments to his monthly expenses based on historical data for the most recent twelve months.

As adjusted, his monthly expenses are:

| | |
|---|---|
| $1,400 | Rent for a duplex in the neighborhood where his son lives |
| 158 | Utilities (electric, water, gas, trash) |
| 55 | Telephone |
| 143 | Cable TV and internet |
| 105 | Cell phone |
| 438 | Food |
| 88 | Clothing |
| 33 | Dry cleaning |
| 128 | Auto insurance |
| 911 | Auto lease |
| 158 | Transportation (gasoline & repairs) |
| 82 | Medical |
| 82 | Personal care |
| 261 | Entertainment |
| 80 | Charitable contributions |
| $4,122 | Total |

After subtraction of these expenses, the debtor has $92 remaining.

## ISSUES OF LAW

Section 707(b) of the Bankruptcy Code was enacted in 1984 as part of the Federal Judgeship Act of 1984 (codified as amendments to various provisions of Titles 11 and 28, United States Code.) The purpose for the amendment to section 707(b) was to limit the chapter 7 bankruptcy remedy for consumer debtors to those debtors who are honest and who need the remedy to preserve a decent standard of living for themselves and their dependents. *See* S.Rep. No. 65, 98th Cong., 1st Sess. 53, 54 (1983). By this enactment, persons who have primarily consumer debts · and who have financial resources in excess of their basic needs would be forced to seek relief

under a reorganization chapter or to otherwise attempt to repay their creditors.

■ There are two significant cases in this circuit interpreting section 707(b)—*In re Krohn*, 886 F.2d 123 (6th Cir.1989) and *In re Behlke*, 358 F.3d 429 (6th Cir.2004). *Krohn* and *Behlke* first establish that a chapter 7 case may be dismissed if a debtor has engaged in culpable behavior (such as the nondisclosure of assets or expenses), or has engaged in certain prepetition actions. Culpable behavior may also include actions which, although disclosed, make it inequitable to grant a discharge under chapter 7 to the debtor. Where the level of such behavior is offensive, but perhaps cannot appropriately be addressed under § 727 of the Bankruptcy Code, a motion under section 707(b) may force either dismissal of the case or a voluntary conversion to a reorganization chapter. *Krohn* at 126.

■ More relevant to this case, however, *Krohn* and *Behlke* also establish that a chapter 7 case may be dismissed even without evidence of culpable behavior if a debtor does not need chapter 7 relief. Such lack of need will be evidenced by financial resources which should be adequate to avoid bankruptcy if a debtor were either more prudent in his lifestyle or more disciplined in his financial choices. In such cases, the Bankruptcy Court is asked to balance a debtor's financial resources, reasonable expense requirements, and efforts to manage debt with a general threshold equitable requirement of need. *Krohn* at 126. Despite observations of some commentators that future income was not intended to drive this analysis (See, e.g., dissent in *In re Walton*, 866 F.2d 981 (8th Cir.1989)), the Court of Appeals for the Sixth Circuit has adopted future income and disposable income as important factors in determinations under 11 U.S.C. § 707(b). *Behlke*, 358 F.3d 429.

■ The test required is difficult to administer. The bankruptcy court is required to conduct such an analysis, however, upon request by the United States Trustee. In essence, a debtor seeking to defeat a motion to dismiss under § 707(b) in this circuit must demonstrate to the court that the totality of his circumstances establish a need for relief under chapter 7 and that he is making the best effort he can to deal with his financial problems, consistent with his existing and projected future disposable income. The statute includes a presumption in favor of granting the relief under chapter 7 if the balance is close.

■ The factors which cause this case to come up for such review include the debtor's higher than average stable income, his use of an inheritance for purposes other than repayment of all his debts, and the abnormality of certain of his monthly expenses. The existence of income in excess of his stated expenses and his eligibility for chapter 13 relief are also factors to be considered. *Krohn* at 126; *Behlke* at 434. In essence, the *Krohn* and *Behlke* opinions require the bankruptcy system to impose discipline and restraint on the lifestyle and spending choices of more affluent consumer debtors before they can claim an entitlement to relief under chapter 7.

## CONCLUSIONS OF LAW

■ Under any standards, this debtor has income in excess of that disclosed by a typical chapter 7 debtor. His pre-petition divorce, a catastrophic event in his life which still reduces his disposable income by some $1870 each month, does not change his status as a single debtor whose net income of $4214 after taxes, certain insurance, child support and alimony, exceeds that of a typical chapter 7 debtor.

The debtor used his inherited funds of approximately $53,000 for his living expenses, for certain court-ordered obligations of his wife, for furnishing his separate residence, and for attorney fees related to his domestic problems. The Court understands that there are significant unexpected expenses related to any marital break-up. Large expenditures for furnishing a separate living place appear imprudent, however, and may show a lack of discipline and a life style expectation inappropriate for someone seeking relief under chapter 7 of the Bankruptcy Code.

The Court also has considered certain of the debtor's monthly expenses. He has a car payment of $911 which he acknowledges is higher than is reasonable. His explanation for that is that his lease payment for a 2001 Lincoln includes damages from an accident to a previously leased car. The debtor indicated that he has tried to obtain a less expensive used car or lease, but cannot get financing for such a transaction until his bankruptcy has been concluded. Other expenses of concern are those for entertainment ($261), cable television, cell phone and internet usage ($203) and miscellaneous personal items ($82). He testified that the internet usage and cell phone were necessary for his work and that there are activities with and for his son that explain other expenditures. The Court accepts those explanations, but observes that some savings in those expenses would be possible.

On the other hand, if this debtor is denied the right to proceed under chapter 7, his options for obtaining a fresh start may be limited. He has scheduled unsecured debts in excess of $200,000. It also appears that there will be a deficiency judgment following the foreclosure sale of real property he and his ex-wife own in Pennsylvania. The trustee in bankruptcy has filed a no-asset report in his case, so there are no unencumbered assets to liquidate and distribute to creditors.

In weighing the totality of circumstances in this case and considering the guidelines set forth in *Krohn* and *Behlke*, the Court finds that granting chapter 7 relief to this debtor would not be a substantial abuse. The Court finds no dishonesty in this debtor's schedules or testimony. Although he has room for improvement in matching his spending habits with the reality of his economic resources, he has made and appears to be continuing to make significant efforts to deal with his financial problems. He will need to make yet further adjustments to his spending habits and develop less concern for the "image" he believes he is required to project for his job if he is to avoid financial difficulties in the future. However, he participated in two years of credit counseling and is trying to live within his means. His divorce was a catastrophic event in his life and he is still adjusting to his new realities. He has made a decision, after review of his options and two years of credit counseling, that he needs the fresh start a chapter 7 discharge would provide to move forward with his life. He appears to have a meaningful relationship with the son for whom he continues to pay child support. This case is a close call and, therefore, the presumption in favor of granting the relief should be considered. Accordingly, the Court will invoke the presumption in favor of granting the relief under chapter 7 and will deny the motion to dismiss.

Based on the foregoing, the motion filed by the UST seeking to dismiss this case is, hereby, **DENIED**. The debtor's chapter 7 case will proceed to discharge.

**IT IS SO ORDERED.**